UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANAPOLIS PUBLIC TRANSPORTATION CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:24-cv-02118-JPH-MKK ) |
| URS CORPORATION, AECOM USA, INC., | ) ) ) |
| Defendants. | ) ) |

**ORDER GRANTING MOTION TO REMAND**

Indianapolis Public Transportation Corporation ("IPTC") brought this case in Indiana state court, alleging breach of contract claims relating to the construction of a new transit center. Defendants URS Corporation and AECOM USA, Inc. removed the case to this Court. IPTC has filed a motion to remand. Dkt. [14]. For the reasons below, that motion is **GRANTED**.

**I.
Facts and Background**

The parties do not dispute these facts for purposes of IPTC's motion to remand.

IPTC provides public transportation as "IndyGo" in Marion County, Indiana. Dkt. 1-2 at 1. In 2013, IPTC hired the architecture firm URS—later acquired by AECOM—as lead designer of the Julia M. Carson Transit Center in Indianapolis. *Id.* at 2. After the design was finalized, IPTC hired a construction company and was contractually bound to proceed with the project. *Id.* at 4.

1

IPTC received federal grant funding for the project, which subjected it to certain environmental and historic-preservation regulations. *Id.* at 1–3. When construction began in 2014, it almost immediately uncovered unsuitable soils for building and remnants of historical structures. *Id.* at 4. This delayed the project and required extensive archeological monitoring, causing substantial cost overruns. *Id.* at 4–7, 9.

In October 2024, IPTC filed this case in the Marion County Superior Court, alleging that URS and AECOM knew or should have known about the unsuitable soil and likely need for extensive archeological monitoring. *Id.* at 7–15. IPTC brings claims for breach of contract and breach of warranty. *Id.* Defendants removed the case to this Court, dkt. 1, and IPTC has filed a motion to remand, dkt. 14.[1]

## II.
## Applicable Law

A defendant may remove "any civil action brought in a State court" to federal district court if the district court has original jurisdiction, 28 U.S.C. § 1441(a), including diversity jurisdiction, *see* 28 U.S.C. § 1332(a). If at any time the court lacks subject-matter jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c). A motion to remand based on a non-jurisdictional defect must be made "within thirty days after the filing of the notice of removal." *Id.* "[F]ederal courts should interpret the removal statute narrowly, resolving any

---

[1] Defendants have filed a motion for leave to file a surreply, which is **GRANTED**, and the Court has considered the arguments in the surreply. Dkt. [29].

doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

## III.
## Analysis

IPTC argues that this case must be remanded because (1) the Eleventh Amendment affords it sovereign immunity from being sued in federal court, and (2) the parties' agreement requires that this dispute be litigated in state court. Dkt. 15.

### A. Eleventh Amendment sovereign immunity

IPTC argues that the Eleventh Amendment bars this suit as IPTC is involuntarily in federal court due to Defendants' removal. Dkt. 15 at 5–6. Defendants respond that the Eleventh Amendment does not apply when the state entity is a plaintiff. Dkt. 25 at 3.

Under the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit . . . against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. So, by its terms, "[t]he Eleventh Amendment applies only to suits 'commenced or prosecuted *against* one of the United States.'" *In re Platter*, 140 F.3d 676, 680 (7th Cir. 1998) (emphasis in original) (quoting U.S. Const. amend. XI). Put differently, sovereign immunity is an "affirmative *defense*." *Sung Park v. Indiana Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012) (emphasis added).

3

That's enough to resolve sovereign immunity here—IPTC is the plaintiff and has no claims "against" it, so the Eleventh Amendment, by its text, does not apply. *See In re Platter*, 140 F.3d at 680. Indeed, that's the conclusion other circuits addressing this question have reached. *See California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 845 (9th Cir. 2004) ("We hold that a state that voluntarily brings suit as a plaintiff in state court cannot invoke the Eleventh Amendment when the defendant seeks removal to a federal court of competent jurisdiction."); *In re MTBE Prods. Liab. Litig.*, 488 F.3d 112, 119 (2d Cir. 2007) ("Our holding today that sovereign immunity does not preclude the removal to federal court of a suit filed by a state plaintiff in state court is consistent with that reached by the vast majority of courts to have considered the issue."); *Oklahoma ex rel. Edmondson v. Magnolia Marine Transp. Co.*, 359 F.3d 1237, 1240 (10th Cir. 2004) (same).

IPTC nevertheless argues that immunity can apply, based on *Bd. of Regents of Univ. of Wis. Sys. v. Phoenix Intern. Software, Inc.*, 653 F.3d 448 (7th Cir. 2011), and *Trs. of Purdue Univ. v. Vintage Brand, LLC*, 541 F. Supp. 3d 868 (N.D. Ind. 2021). Dkt. 15 at 4–6; dkt. 26 at 6–8. Those cases, however, addressed sovereign immunity for counterclaims, not for removal of cases brought by a state entity. *Phoenix Intern.*, 653 F.3d at 467–68; *Vintage Brand*, 541 F. Supp. 3d at 876–77. So even accepting that "it's highly unlikely that a state waives sovereign immunity simply by suing in state court," 541 F. Supp. 3d at 876, that does not affect this case when there is no counterclaim "against" IPTC, U.S. Const. amend. XI.

Sovereign immunity therefore does not bar this case's removal to federal court.[2]

### B. The forum-selection clause

IPTC argues that the parties' contract includes a forum selection clause that requires this case to be litigated in state court. Dkt. 15 at 6–9. That clause requires venue "in an Indiana court of law":

> 12.3.1 Claims, disputes and other matters in controversy arising out of or related to this Agreement, not otherwise resolved in accordance with ¶12.2 above, shall be decided through litigation in an Indiana court of law, and by trial to the bench. Trial by jury is expressly waived by Owner and Architect.

Dkt. 1-1 at 59. Defendants respond that nothing in the forum selection clause prohibits federal jurisdiction or litigating in this Court. Dkt. 25 at 10–13.

"Jurisdiction, venue, and forum clauses can be mandatory (exclusive) or permissive (nonexclusive)." *IAC/InterActiveCorp v. Roston*, 44 F.4th 635, 643 (7th Cir. 2022). A forum-selection clause is mandatory and binds the parties when it "has mandatory language specifying that disputes under the contract 'shall' or 'will' be litigated in a specific venue or forum." *Id.* That standard is the same under Indiana law, which applies to the contract here. Dkt. 1-1 at 59; *see O'Bryant v. Adams*, 123 N.E.3d 689, 693–94 (Ind. 2019).

The parties therefore must litigate this case "in an Indiana court of law." Dkt. 1-1 at 59. But this Court is not an "Indiana court"; it is a federal court empowered to apply Indiana law under diversity jurisdiction. *Cf. Jackson v. Payday Fin., LLC*, 764 F.3d 765, 774–75 (7th Cir. 2014) (explaining when "a

---

[2] The Court therefore does not address whether IPTC is a state entity for purposes of sovereign immunity.

federal court" applies "the substantive law of the state in which the district court sits"); *Dixon v. TSE Intern., Inc.*, 330 F.3d 396, 397–98 (5th Cir. 2003) (affirming remand order under forum selection clause because "[f]ederal courts indisputably proceed from, and find their origin in, the federal government, though located in particular geographic regions"). Remand is therefore appropriate here. *See Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 252 (7th Cir. 1996) ("Enforcing a forum selection clause in a contract is a permissible basis for remand.").

Defendants resist this conclusion, relying on a Sixth Circuit opinion holding that consent "to the jurisdiction of Michigan courts" did not waive the right to remove the case to federal court. Dkt. 25 at 12–13 (citing *Regis Assocs. v. Rank Hotels Ltd.*, 894 F.2d 193 (6th Cir. 1990)). But the clause in *Regis* was a consent-to-jurisdiction clause that lacked mandatory forum-selection language. *See* 894 F.2d at 195–96. Moreover, extrinsic evidence showed that the clause's purpose was to ensure that the defendant—which was incorporated and headquartered in England—consented to personal jurisdiction in Michigan. *Regis*, 894 F.2d at 196 ("The focus was never on which court (state or federal) in Michigan."). *Regis* therefore does not control. Instead, this case is far more like the Eighth Circuit's recent decision that the term "Arkansas courts" in a forum-selection clause clearly and unambiguously specifies "courts that are constituted under the Arkansas state government, not any court that happens to be within Arkansas's borders." *Smart Comm'ns Collier, Inc. v. Pope County Sheriff's Ofc.*, 5 F.4th 895, 898 (8th Cir. 2021).

District courts in the Seventh Circuit have reached the same conclusion on analogous contractual language that specified a court "of" a certain county and state. *See Gator Wash, LLC v. Lighthouse Carwash Sys., Inc.*, 2008 WL 506070 at *1 (S.D. Ind. Feb. 20, 2008); *Complete Women's Imaging, P.C. v. Merge Healthcare, Inc.*, 2014 WL 7409517, at *1 (E.D. Wis. Dec. 31, 2014) (explaining that a clause specifying courts "of" a particular county means state court while a clause specifying courts "in" a particular county can be ambiguous). Language like "court of Indiana"; "court of Marion County, Indiana"; and—as here—"Indiana court of law" all specify state court. *See Smart*, 5 F.4th at 898; *Jackson*, 764 F.3d at 774–75.[3] This case therefore must be remanded. *See Roberts & Schaefer Co.*, 99 F.3d at 252.

## IV.
## Conclusion

Plaintiff's motion to remand is **GRANTED** and this case is **REMANDED** to the Marion County Superior Court. Dkt. [14]. Defendants' motion to file a surreply is **GRANTED**. Dkt. [29]. Defendants' motion to dismiss is **denied without prejudice** to being refiled in state court. Dkt. [16].

**SO ORDERED.**

Date: 9/29/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[3] A nearby provision adds that "exclusive venue for such judicial proceedings shall be in Indianapolis, Marion County, Indiana" and that disputes shall be "governed by the laws of the State of Indiana." Dkt. 1-1 at 59. Because section 12.3.1's "Indiana court of law" language requires an Indiana-state-court forum, it doesn't matter if the contract's other venue or jurisdictional provisions are ambiguous between state or federal court, so the Court does not address them. *See Roston*, 44 F.4th at 644 ("[M]andatory venue language can make forum selection mandatory regardless of additional permissive jurisdiction language. . . . "Each clause has its own requirements independent of the other clauses.").

Distribution:

All electronically registered counsel